# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA M. MENDEZ,
   Appellant,

  v.

DEPARTMENT OF JUSTICE,
   Agency.

DOCKET NUMBER
DC-315H-14-0914-I-1

DATE: January 29, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Joseph E. Benitez</u>, Coral Gables, Florida, for the appellant.

<u>Katherine Meng</u>, and <u>Melissa Anderson</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**Document #:** 1132338 v 1

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed an appeal in which she alleged that she involuntarily resigned from her position with the agency's Bureau of Alcohol, Tobacco, and Firearms during her probationary period. Initial Appeal File (IAF), Tab 2 at 9-10. She contended that the agency discriminated against her on the basis of her marital status. *Id.* at 2-5. Among numerous other claims, she also contended that the agency failed to explain to her the authority under which it hired her. *Id.* at 22. She did not request a hearing. In addition to the usual acknowledgment order, the administrative judge issued a show cause order in which she set forth the elements and burdens of establishing Board jurisdiction over the appeal and ordered the appellant to file evidence and argument in that regard. IAF, Tabs 3-4. The appellant did not respond.

¶3      The agency responded that it appointed the appellant, effective March 23, 2014, to a temporary excepted-service appointment, not to exceed 3 years, 120 days, the entirety of which was a probationary period for training and development purposes. IAF, Tab 7 at 6, 15-16. The agency further asserted that the appellant had no previous federal service and was not preference eligible. *Id.* at 6, 17. Thus, the agency contended, the appellant was not an employee with

appeal rights pursuant to 5 U.S.C. § 7511(a)(1) at the time she resigned, and it moved to dismiss the appeal for lack of jurisdiction. *Id.* at 7-8, 13-14.

¶4 In the initial decision, the administrative judge found that the appellant failed to meet her burden to make a nonfrivolous allegation of facts that, if proven, could establish her right to a hearing over the issue of Board jurisdiction over her appeal. IAF, Tab 8, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to establish that she was an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1). ID. As noted above, she dismissed the appeal for lack of jurisdiction. ID.

¶5 In her petition for review, the appellant contends, among other things, that the initial decision contained "erroneous findings of fact which were not in line with the testimony and evidence presented during the hearing." Petition for Review (PFR) File, Tab 1 at 2. But, the record does not reflect that the administrative judge held a hearing. ID. The appellant also claims that she has material evidence that she was not allowed to submit before the record closed. PFR File, Tab 1 at 2. But, the record instead reflects that the appellant failed to reply to the administrative judge's jurisdictional order and did not attempt to submit anything but her initial appeal before the record closed below. She reiterates the arguments she submitted in her appeal, including her allegation of marital status discrimination. *Id.* at 15, 29. The appellant also claims that the agency wrongfully denied documents and records to her, but she does not assert that she sought discovery under the Board's regulations or that she sought to compel the production of those items pursuant to such a request. *Id.* at 16; *see* IAF, Tab 3 at 3; *see also* 5 C.F.R. §§ 1201.71-1201.85. The agency responds in opposition. PFR File, Tab 3.

¶6 The Board's jurisdiction is not plenary. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(a)(2)(i). Although the appellant indicated in her initial appeal that she

served in the competitive service, IAF, Tab 2 at 9, the evidence instead indicates that she served in the excepted service, IAF, Tab 7 at 15-16. A probationary employee in the excepted service who has not completed her probationary period has no statutory right of appeal to the Board. *E.g.*, *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010).

¶7    Moreover, excepted service employees lack the regulatory grounds for appeal of probationary terminations, such as discrimination on the basis of partisan political reasons or marital status, that are available to competitive service employees under 5 C.F.R. § 315.806. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (holding that 5 C.F.R. § 315.806 applies only to individuals in the competitive service). Thus, the appellant's unsupported allegations of marital status discrimination are not relevant. Furthermore, the appellant's arguments regarding the merits of her involuntary resignation claim are irrelevant to the issue of the Board's jurisdiction over her appeal and, thus, they fail to show that the administrative judge committed an error of law in dismissing this appeal for lack of jurisdiction. *See Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 13 (2011) (finding the appellant's merits arguments to be immaterial to the jurisdictional issue). Lastly, we note that, prior to her appointment, the appellant signed a document which explicitly set forth the term-limited nature of her excepted service appointment, IAF, Tab 7 at 21, and she provides no authority to indicate that her unsupported allegation that the agency failed to explain the hiring authority it used in appointing her is somehow appealable to the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.